IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T. J.,                                          :
                          Petitioner            :
                                                :
           v.                                   :
                                                :
The Pennsylvania State Police of                :
the Commonwealth of Pennsylvania,               :    No. 123 M.D. 2018
                          Respondent            :    Submitted: December 12, 2022


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE FIZZANO CANNON              FILED: January 9, 2023


           Petitioner, T.J., through counsel, filed an amended petition for review (Petition) seeking a declaration that he is no longer required to register as a sex offender in Pennsylvania and that his personal information must be removed from the Pennsylvania State Police (Police) sex offender registry. Presently before this Court is T.J.'s Application for Summary Relief (Application).[1] For the reasons discussed below, we deny the Application.


## I. Background

           In September 1997, T.J. pleaded guilty in New York to one count of second degree rape based on an offense that occurred in May 1994. Pet. ¶ 2;

---

[1] The Police have not filed a parallel application.

Declaration of Trooper Matthew Web (Web Decl.) ¶ 4.  T.J. avers that he received a sentence of six years' probation; the Police respond that T.J. received a sentence of five years' probation.  Pet. ¶ 3; Answer to Petition (Ans.) ¶ 3.

The parties disagree about the age of the victim at the time of the offense.  T.J. asserts that she was 16 years old and, moreover, that he and she have now been married for over 20 years and are raising four children.  Pet. ¶ 2 n.1; Appl. ¶ 20.  The Police aver that she was 12 years old at the time of the offense.  Ans. ¶ 2.

T.J.'s conviction subjected him to reporting and inclusion in New York's sex offender registry for a period of 20 years beginning in 1997.  Appl. ¶ 23; Web Decl. ¶ 12.  The parties disagree regarding whether T.J. was continuously compliant with his registration requirements in New York, but in any event, he received a letter in October 2017 from the New York State Sex Offender Registry informing him that he had completed his registration obligation and had been removed from that registry.  Appl. ¶ 19 & Ex. A.

Meanwhile, T.J. moved to Pennsylvania in 2000.  Pet. ¶ 4; Appl. ¶ 20; Ans. to Appl. ¶ 20.  Upon receiving notice from the Police in 2011 that he was required to register as a sex offender in Pennsylvania, T.J. began registering with the Police in 2011 and has continued to do so.  Pet. ¶ 5; Ans. ¶ 5; Web Decl. ¶¶ 16-17.

## II. Issues

In the Application, T.J. asserts two arguments, which we discuss in reverse order as follows.  First, T.J. asserts that he committed his offense before Pennsylvania enacted any statute requiring registration by sex offenders, and he cannot be subjected to registration requirements retroactively.  Appl. ¶ 25.  The

Police respond that under a line of recent appellate decisions, retroactive application of sex offender registration requirements is constitutionally permitted.

Second, T.J. asserts that even if he was required to register in Pennsylvania, he was required to do so only for the greater of 10 years or the remainder of his New York registration obligation.  Appl. ¶ 21.  Thus, he contends that he has completed his registration obligation in Pennsylvania.  *Id.* ¶¶ 23-24.  The Police respond that T.J.'s New York offense subjects him to a lifetime registration requirement in Pennsylvania.  Web Decl. ¶¶ 14-15.

## III. Discussion

"At any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532(b).  This Court may grant an application for summary relief only if, viewing the evidence in the light most favorable to the nonmoving party, the moving party's right to judgment is clear and no material issues of fact are in dispute.  *Cao v. Pa. State Police*, 280 A.3d 1107, 1109 (Pa. Cmwlth. 2022) (first citing Pa.R.A.P. 1532(b); and then citing *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017)).

With this applicable legal standard in mind, we address the two issues raised in T.J.'s Application.

## A. Retroactive Registration Requirement

Recently, in *Cao*, this Court addressed very similar issues to those raised by T.J.  The petitioner in *Cao*, like T.J. here, asserted that the registration

3

requirements of the most recent version of the Sexual Offender Registration and Notification Act (SORNA II)[2] were punitive as applied to him and that applying those registration requirements retroactively violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[3] *Cao*, 280 A.3d at 1108. We rejected those arguments in *Cao*, and we likewise do so here.

The predecessor statute of SORNA II, known as SORNA I,[4] was enacted in 2011, effective December 20, 2012. In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Pennsylvania Supreme Court held that SORNA I violated constitutional *ex post facto* provisions to the extent that it was applied retroactively to increase the registration obligations of sex offenders who were convicted of certain crimes before SORNA I's effective date. *See Cao*, 280 A.3d at 1108.

In 2018, in response to the *Muniz* decision, the General Assembly enacted SORNA II, which amended certain provisions of SORNA I for the purpose of curing SORNA I's constitutional infirmities. Subsequently, in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), our Supreme Court upheld the validity of SORNA II against a constitutional challenge, concluding that retroactive application of the sex offender registration provisions in Subchapter I of SORNA II are nonpunitive and therefore do not violate the constitutional prohibition against *ex post facto* laws. *See Cao*, 280 A.3d at 1109 (citing and discussing *Lacombe*).

---

[2] Act of February 21, 2018, P.L. 27, *as amended* by the Act of June 12, 2018, P.L. 140, 42 Pa. C.S. §§ 9799.10 – 9799.75.

[3] *See* U.S. Const. art. I, § 9 (proscribing the passage of *ex post facto* laws); Pa. Const. art. I, § 17 (same). This Court has recognized that these two provisions "are virtually identical, and the standards applied to determine an *ex post facto* violation are comparable." *Cao v. Pa. State Police*, 280 A.3d 1107, 1108 n.2 (Pa. Cmwlth. 2022) (quoting *Evans v. Pa. Bd. of Prob. & Parole*, 820 A.2d 904, 909 (Pa. Cmwlth. 2003) (additional quotation marks omitted)).

[4] *Formerly* 42 Pa. C.S. §§ 9799.10-9799.41.

4

Nevertheless, the petitioner in *Cao* argued that SORNA II was unconstitutionally retroactive as to him because he committed his offenses before the enactment of any sex offender registration laws. *Cao*, 280 A.3d at 1109. The *Cao* petitioner relied on our Supreme Court's decision in *Commonwealth v. Santana*, 266 A.3d 528 (Pa. 2021), in which the Court held that *Muniz* applied equally to offenders who committed their crimes in other states and later relocated to Pennsylvania, and that the critical issue was not *where* their offenses were committed, but *when*. *Cao*, 280 A.3d at 1110-11 (citing and discussing *Santana*, 266 A.3d at 529-30). T.J. asserts exactly the same argument here and, like the petitioner in *Cao*, relies on *Santana* to support his position.

In *Santana*, the petitioner was required to register as a sex offender in New York after committing a sex offense there. He was later convicted of violating SORNA II's reporting requirements after relocating from New York to Pennsylvania and failing to register with the Police. Our Supreme Court held that *Muniz* applied equally to offenders whose triggering offenses occurred in another state prior to SORNA I's enactment; because SORNA I imposed registration requirements that did not exist at the time of the petitioner's triggering offense in his former home state, the Court concluded that retroactive application of SORNA I to him was punitive and an unconstitutional *ex post facto* law under *Muniz*. *See Cao*, 280 A.3d at 1111-12 (citing and discussing *Santana*, 266 A.3d at 529-30 & 538-39).

However, this Court rejected the *Cao* petitioner's argument that *Santana* abrogated his registration requirement. We explained that although the invalidation of SORNA I in *Muniz* applied equally to persons relocating to Pennsylvania after committing crimes in other states, *Santana* did not invalidate the application of SORNA II's registration requirements. *Cao*, 280 A.3d at 1111-12.

5

As discussed above, *Lacombe* has established that the registration provisions of SORNA II are not punitive and therefore are not unconstitutional when applied retroactively to persons who committed offenses prior to its enactment. *See Cao*, 280 A.3d at 1109 (citing and discussing *Lacombe*). Nothing in *Santana*, which relates solely to SORNA I, negates the holding of *Lacombe*, which relates to SORNA II. Accordingly, we conclude that the registration requirements of SORNA II are not unconstitutional as applied to T.J. here, and we deny the Application with regard to that issue.

## B. Duration of Registration Requirement

In the alternative, T.J. argues that, assuming he is subject to statutory registration obligations, Pennsylvania law required him to register for the longer of 10 years or the applicable registration period under New York law, which was 20 years. The October 2017 letter from the New York State Sex Offender Registry notified T.J. that he had completed his registration requirement under New York law. Because that requirement was longer than the 10-year registration period he asserts was applicable in Pennsylvania, T.J. reasons that he has completed his registration obligation in Pennsylvania and is entitled to be removed from the Pennsylvania sex offender registry.

The Police counter that T.J. was always subject to a lifetime registration obligation in Pennsylvania, not a 10-year obligation. Therefore, they maintain that T.J.'s completion of his New York registration obligation and his resulting removal from the New York registry did not end his registration obligation in Pennsylvania and do not entitle him to removal from the Pennsylvania registry.

6

Under SORNA II, convictions of certain sex offenses carry a corresponding registration obligation of 10 years. 42 Pa.C.S. § 9799.55(a)(1)(A). Convictions of certain other sex offenses give rise to a lifetime registration obligation. 42 Pa.C.S. § 9799.55(b)(2)(i)(A). What obligation, if any, applies to T.J. depends on which sex offense under Pennsylvania law most closely equates with the offense for which T.J. was convicted in New York. Unfortunately, we are unable to make that determination on the existing record.

The New York statute at issue provided, at the time of T.J.'s offense, that "[a] person is guilty of rape in the second degree when . . . being [18] years old or more, he or she engages in sexual intercourse with another person less than [14] years old . . . ." N.Y. Penal Law *former* § 130.30.[5] Pennsylvania does not have a precisely correlating criminal statute; rather, there are two potentially comparable statutes, depending on the age of the victim.

In Pennsylvania, under Section 3121(c) of the Crimes Code,[6] "[a] person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c). A conviction under Section 3121(c) gives rise to a lifetime obligation to register as a sex offender. 42 Pa.C.S. § 9799.55(b)(2)(i)(A). The same obligation applies regarding equivalent offenses committed in other states. 42 Pa.C.S. §§ 9799.55(b)(2)(ii) & 9799.56(b)(ii).

Pennsylvania also has a statutory sexual assault provision, which, at the time of T.J.'s offense and conviction, stated:

---

[5] The current version of Section 130.30, which became effective in 2001, applies where the victim is less than 15 years old.

[6] 18 Pa.C.S. §§ 101–9546.

(a) Felony of the second degree. -- Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. *formerly* § 3122.1.[7]  Notably, there is no sex offender registration requirement associated with a conviction under Section 3122.1.  *See generally* 42 Pa.C.S. §§ 9799.55 & 9799.56.

The Police posit that T.J.'s offense in New York "equated to a lifetime registration requirement in Pennsylvania."  Resp't's Br. at 2; Web Decl. ¶ 14. However, the Police cite no formal determination to that effect and offer no explanation of how they reached that conclusion.

Recently, in *A.L. v. Pennsylvania State Police*, 274 A.3d 1229 (Pa. 2022), our Supreme Court held that a court must "take[] into account all elements of the offenses being compared" when determining whether a criminal statute from another jurisdiction is equivalent to a particular Pennsylvania statute for purposes of sex offender registration requirements.  *Id.* at 1238.  Here, however, the record is insufficient to allow such a comparison.  The victim's age is an element of the offense under each of the statutes at issue.  Arguably, Section 3121 of the Crimes Code would be equivalent to New York Section 130.30 for purposes of this case only if T.J.'s victim was less than 13 years of age; otherwise, T.J.'s offense might be more equivalent to statutory sexual assault under Section 3122.1.  *Compare* N.Y. Penal Law *former* § 130.30 *with* 18 Pa.C.S. §§ 3121 & 3122.1.  As stated above, the Police assert that T.J.'s victim was only 12 years old at the time of the offense.  Ans.

---

[7] The current version of Section 3122.1, amended in 2011, upgrades the offense to a felony of the first degree if the perpetrator is 11 or more years older than the victim.

¶ 2. T.J. alleges she was 16. Pet. ¶ 2 n.1; Appl. ¶ 20. We observe that T.J.'s conviction under a New York statute applicable to victims under 14 years of age suggests T.J.'s assertion of his victim's age may be untrue. Nonetheless, there is nothing in the present record before this Court that allows us to reach a conclusion on that issue. Accordingly, we cannot determine what section of the Crimes Code is equivalent to the New York statute under which T.J. was convicted. Likewise, we cannot determine what registration period, if any, presently applies to T.J. in Pennsylvania regarding his 1994 crime in New York. Therefore, we cannot grant summary relief.

## IV. Conclusion

Based on the foregoing discussion, we are unable to conclude as a matter of law on the present record that T.J. is not subject to a lifetime registration requirement in Pennsylvania. Therefore, we must deny T.J.'s Application under the current state of the record.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

T. J.,                                          :
                    Petitioner                  :
                                                :
          v.                                    :
                                                :
The Pennsylvania State Police of                :
the Commonwealth of Pennsylvania,               :    No. 123 M.D. 2018
                    Respondent                  :

O R D E R

AND NOW, this 9th day of January, 2023, Petitioner T.J.'s Application for Summary Relief is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge